UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                  CASE NO: 11-20551

v.                                HONORABLE: ROBERT H. CLELAND

D-22 DR. RAVI IYER,

       Defendant.
_____/

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, a Second Superseding Indictment was filed on or around March 20, 2013, which charged Defendant with One (1) Count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances pursuant to 21 U.S.C. §§ 841(a)(1), 846; and One Count of Health Care Fraud pursuant to 18 U.S.C. §§ 1347, 1349.

WHEREAS, the Second Superseding Indictment also sought criminal forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations pursuant to 21 U.S.C. § 853, 18 U.S.C. §§ 981, 982 and 28 U.S.C. § 2461. The government also provided notice of its intent to seek a forfeiture money judgment in the amount representing the total amount of proceeds

obtained as a result of Defendant's offenses, and/or a sum of money representing the total amount proved at trial.

WHEREAS, on March 22, 2013, the government filed a Forfeiture Bill of Particulars giving notice of the government's intention to forfeit specific assets upon conviction of any of the allegations contained within the Second Superseding Indictment. (*Dkt. #308*).

WHEREAS, on April 24, 2015, Defendant pleaded guilty to Count One of the Second Superseding Indictment, which charged Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances pursuant to 21 U.S.C. §§ 841(a)(1), 846. Defendant also agreed in a Rule 11 plea agreement to forfeit his interest to the United States in the following property:

- Fifty Five Thousand Eight Hundred Forty Six Dollars and Eight One Cents ($55,846.81) in U.S. Currency from JP Morgan Chase Bank Account #716396817;

- Twenty Five Thousand One Hundred Four Dollars and Eighty Five Cents ($25,104.85) in U.S. Currency from JP Morgan Chase Bank Account #2720366430;

- Twenty Six Thousand Eighty Two Dollars and Eighty Three Cents ($26,082.83) in U.S. Currency from JP Morgan Chase Bank Account #2921120610;

- Two Thousand Fifty Dollars and Sixteen Cents ($2,050.16) in U.S. Currency from JP Morgan Chase Bank Account #819275702; and

- One Hundred Twenty Four Thousand Seven Hundred Fifty Nine Dollars and Sixty Two Cents ($124,759.62) in U.S. Currency from Charter One Bank Account #4512843263.

WHEREAS, Defendant also agreed to the entry of a forfeiture money judgment against him in favor of the United States in the amount of Two Hundred Thirty Three Thousand Eight Hundred Forty Four Dollars and Twenty Seen Cents ($233,844.27), which is an amount representing a portion of the total value of the Defendant's conspiracy to violate 21 U.S.C. §§ 841(a)(1), 846, as charged in Count One of the Second Superseding Indictment.

NOW, THEREFORE, pursuant to 21 U.S.C. § 853, the Second Superseding Indictment, the Forfeiture Bill of Particulars, and the Defendant's agreement to forfeiture, and other information in the record:

IT IS HEREBY ORDERED that Defendant shall forfeit to the United States his interest in the following property (hereinafter "Subject Property"):

- Fifty Five Thousand Eight Hundred Forty Six Dollars and Eight One Cents ($55,846.81) in U.S. Currency from JP Morgan Chase Bank Account #716396817;

- Twenty Five Thousand One Hundred Four Dollars and Eighty Five Cents ($25,104.85) in U.S. Currency from JP Morgan Chase Bank Account #2720366430;

- Twenty Six Thousand Eighty Two Dollars and Eighty Three Cents ($26,082.83) in U.S. Currency from JP Morgan Chase Bank Account #2921120610;

- Two Thousand Fifty Dollars and Sixteen Cents ($2,050.16) in U.S. Currency from JP Morgan Chase Bank Account #819275702; and

- One Hundred Twenty Four Thousand Seven Hundred Fifty Nine Dollars and Sixty Two Cents ($124,759.62) in U.S. Currency from Charter One Bank Account #4512843263.

IT IS FURTHER ORDERED that a forfeiture money judgment in the amount of Two Hundred Thirty Three Thousand Eight Hundred Forty Four Dollars and Twenty Seen Cents ($233,844.27) is imposed against Defendant in favor of the United States, which is an amount representing a portion of the total value of the Defendant's conspiracy to violate 21 U.S.C. §§ 841(a)(1), 846, as charged in Count One of the Second Superseding Indictment. The forfeiture money judgment shall be reduced by the net amount of the Subject Property (referenced above) ultimately forfeited to the United States. Any outstanding balance of the forfeiture money judgment may be satisfied by the forfeiture of any assets the Defendant has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2).

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the above-named property

4

in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.   The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.   The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing.   If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the

nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Date: July 19, 2015                     s/Robert H. Cleland
                                        HONORABLE ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE